Filed 3/25/24  P. v. Shephard CA4/2
*See Dissenting Opinion*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082419 |
| v. | (Super.Ct.No. FSB036069) |
| MATTHEW JOSEPH SHEPHARD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  J. David Mazurek, Judge.  Dismissed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On October 21, 2003, a jury found defendant and appellant Matthew Joseph Shephard guilty of first degree murder (Pen. Code, § 187, subd. (a), count 1), second degree burglary (Pen. Code, § 459, count 3), negligent discharge of a firearm (Pen. Code,

1

§ 246.3, court 4), and felonious evasion of a police officer (Veh. Code, § 2800.2, subd. (a), count 5). The trial court imposed an aggregate sentence of 25 years to life, plus two years four months in state prison.[1] (*People v. Sheppard*, *supra*, E036967; *People v. Shephard*, *supra*, E076346.)

On January 8, 2019, defendant filed a petition for resentencing pursuant to Penal Code former section 1170.95,[2] which the court struck as unconstitutional. On appeal, we reversed the order and remanded the matter for the trial court to consider whether defendant had made a prima facie case for relief. (*People v. Shephard*, *supra*, E076346.)

On October 3, 2023, after an evidentiary hearing spanning several days during which the court heard the testimony of witnesses and considered the trial transcripts, the court denied defendant's petition.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the facts, a statement of the case, requesting that we exercise our discretion to independently review the record for error, and identifying two potentially arguable issues: (1) whether the

---

[1] By order dated February 26, 2024, we granted defendant's request that we take judicial notice of the record in defendant's appeal from the judgment. (*People v. Sheppard* (Nov. 28, 2005, E036967) [nonpub. opn.]). (Evid. Code, §§ 452, 459.) On our own motion, we take judicial notice of the opinion from defendant's appeal of the denial of his former section 1170.95 petition, which appellate counsel cites in his brief. (*People v. Shephard* (July 2, 2021, E076346) [nonpub. opn.]). As appellate counsel notes, there is no explanation in the record for the discrepancy in the spelling of defendant's last name.

[2] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

court erred in finding defendant's motion to disqualify the court pursuant to Code of Civil Procedure section 170.6. untimely; and (2) whether the court erred in determining defendant was ineligible for relief.

We gave defendant the opportunity to file a personal supplemental brief. We noted that if he did not do so, we could dismiss the appeal; nevertheless, he has not filed one. Under these circumstances, we have no obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th. at pp. 224-231.) Rather, we dismiss the appeal. (*Id*. at pp. 231-232.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

I concur:

RAPHAEL
J.

3

[*People v. Matthew Joseph Shephard*, E082419]

RAMIREZ, P. J., Dissenting.

I respectfully dissent.  Our Supreme Court has afforded reviewing courts discretion with respect to the disposition of postconviction appeals in which appointed appellate counsel has filed a no-issues brief and defendant did not file a supplemental brief.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.)  For the reasons set forth in *People v. Griffin* (2022) 85 Cal.App.5th 329, 333-337, I would exercise that discretion to conduct an independent review of the record before deciding the disposition of the appeal.

RAMIREZ_____
P. J.

1